UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00052-HBB

**JEFFREY M.**[1]                                                                                      **PLAINTIFF**

**VS.**

**LELAND DUDEK,**
**Acting Commissioner of Social Security**[2]                              **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

**I.     BACKGROUND**

Before the Court is the Complaint (DN 1) of Jeffrey M. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff and Defendant have filed briefs (DN 10, 12).  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 7).  By Order entered July 23, 2024 (DN 8), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit.

## II.  FINDINGS OF FACT

On March 31, 2021, Plaintiff protectively filed applications for Disability Insurance Benefits (Tr. 153, 313-14, 315-16). Plaintiff alleged that he became disabled on April 8, 2015, as a result of anxiety, depression, poor concentration, high cholesterol, hypertension, acid reflux, migraines, problems standing and walking, carpal tunnel and arthritis in hands, barely able to write or use hands, right foot pain with history of fracture and surgery, hernia surgery with scar tissue pain, and pain in the neck, back, arm, and left knee (Tr. 153, 210, 215, 332). The application was denied initially on October 10, 2021, and upon reconsideration on January 4, 2022 (Tr. 209, 220).[3] On February 10, 2022, Plaintiff filed a written request for hearing (Tr. 153, 239).

On October 18, 2022, Administrative Law Judge Steven Collins ("ALJ") conducted a telephonic hearing (Tr. 153, 173). Plaintiff and his counsel, Charles Richard Burchett, participated, and Plaintiff testified during the hearing (*Id.*). Kenny Boaz, an impartial vocational expert, testified during the hearing (*Id.*).

In a decision dated January 4, 2023, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 153-65). The ALJ determined that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2017 (Tr. 155). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 8, 2015, the alleged onset date (Tr. 156). At the second step, the ALJ determined that Plaintiff has the following severe impairments: history of right foot fracture with multiple surgeries, including open reduction and internal fixation ("ORIF") and

---

[3] The ALJ indicates the application was denied initially on October 13, 2021, and upon reconsideration on January 5, 2022 (Tr. 153). As the Disability Determination and Transmittal forms indicates October 10, 2021, and January 4, 2022 (Tr. 209, 220), the undersigned has used those dates.

subsequent hardware removal; complex regional pain syndrome; osteoarthritis; and degenerative disc disease (*Id.*). The ALJ also determined that Plaintiff other alleged physical and mental impairments are nonsevere (Tr. 156-58). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 158).

At step four, in Finding No. 5, the ALJ found from April 8, 2015, through March 19, 2018, Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except was further limited to: no use of foot controls for pushing or pulling with the right lower extremity; occasional climbing of ramps and stairs, crouching, and crawling; never climbing ropes, ladders, or scaffolds; avoiding concentrated exposure to vibration, dangerous machinery, and unprotected heights; needs a cane for ambulation; and would have been off task 20% of the workday (Tr. 158-59). In Finding No. 6, the ALJ determined

> From April 8, 2015, through March 19, 2018, even if the record supported that the claimant was unable to work due to his impairments and the limitations outlined above, this could not support a finding of disability under our rules because he did not apply in time to be considered disabled during this earlier period, and the record ultimately supports that he improved to the degree that he could return to work, as discussed in the remainder of this decision.

(Tr. 159-60).

In Finding No. 7, the ALJ found "[m]edical improvement occurred as of March 20, 2018 (20 CFR 404.1594(b)(1)" (Tr. 160). In Finding No. 8, the ALJ concluded "[t]he medical improvement that has occurred is related to the ability to work because there has been an increase in the claimant's residual functional capacity (20 CFR 404.1594(b)(4)(i))" (*Id.*).

3

In finding No. 9, the ALJ determined:

> After careful consideration of the entire record, the undersigned finds that, since March 20, 2018, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except: lifting and/or carrying up to 20 lbs. occasionally and 10 lbs. frequently, standing and/or walking 4 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday; no use of foot controls for pushing or pulling with the right lower extremity; occasional climbing of ramps and stairs, crouching, and crawling but never climbing ropes, ladders, or scaffolds; and avoid concentrated exposure to vibration, dangerous machinery, and unprotected heights.

(Tr. 161). Additionally, in Finding No. 10, the ALJ indicated with this residual functional capacity ("RFC") Plaintiff is unable to perform any past relevant work (Tr. 163) (citing 20 C.F.R. § 404.1565).

The ALJ proceeded to the fifth step where he focused on the time frame March 20, 2018, to the present and considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 164). In doing so, the ALJ noted on March 20, 2018, Plaintiff was 46 years old; Plaintiff subsequently changed age categories and is currently 51 years old, a person closely approaching advanced age under the rules (Tr. 164) (citing 20 C.F.R. § 404.1563). The ALJ found beginning March 20, 2018, Plaintiff was capable of performing a significant number of jobs that exist in the national economy (Tr. 164-65). Therefore, the ALJ concluded Plaintiff was not entitled to a period of disability and cannot be considered disabled, as defined in the Social Security Act, at any time from April 8, 2015, the alleged onset date, through September 30, 2017, the date last insured (Tr. 165).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 299-301). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III.   CONCLUSIONS OF LAW

#### A.   Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

B.     **The Commissioner's Sequential Evaluation Process**

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities.  42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 20 C.F.R. § 404.1505(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520.  In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v).  Here, the ALJ denied Plaintiff's claim at the fifth step.

    **C.**    **Finding Nos. 7, 8, and 9**

        **1.**    *Arguments of the Parties*

Plaintiff contests these findings concerning his purported medical improvement beginning March 20, 2018 (DN 10 PageID # 2696-2702). He argues Finding Nos. 7 and 8 are not supported by substantial evidence because the ALJ's discussion of the evidence does not comply with the comparative analysis requirements in 20 C.F.R. §§ 404.1594(c)(1) and (c)(2) (*Id.*).[4] As for Finding No. 9, Plaintiff reasons "substantial evidence does not support that the Plaintiff experienced a medical improvement on March 20, 2018 such as to change his RFC of a reduced range of sedentary work with the requirement of being off-task for 20% of the work-day" (*Id.* at PageID # 2702). Additionally, Plaintiff accuses the ALJ of not reviewing a February 2018 Functional Capacity Evaluation showing Plaintiff is unable to carry objects on an occasional basis and a medical opinion indicating Plaintiff reached medical improvement on March 16, 2018 (*Id.*) (citing Tr. 692).

    The Defendant asserts that the ALJ properly evaluated the evidence in making the comparative analysis required by 20 C.F.R. §§ 404.1594(c)(1) and (c)(2) (DN 12 PageID # 2709-16). Further, Defendant indicates the ALJ explicitly cited the February 2018 functional capacity evaluation and the March 2018 statement assessing maximum medical improvement (*Id.* at PageID # 2715) (citing Tr. 162). Defendant contends that Plaintiff has not shown any basis for disturbing the ALJ's conclusion that he had the RFC to perform a reduced range of light work (*Id.* at PageID # 2715-16).

---

4 More specifically, Plaintiff contends "[t]he failure to follow the requirements of 20 CFR 404.1594 by comparing signs, symptoms and laboratory findings from treatment records of both time periods results in the conclusion of medical improvement being unsupported by substantial evidence (DN 10 PageID # 2696-2702).

**2.     *Discussion***

The Court has reviewed the ALJ's decision holistically and concludes that Plaintiff's challenges to Finding Nos. 7, 8, and 9 are without merit. In the discussion that follows Finding No. 3, the ALJ pointed out that Plaintiff alleged disability primarily due to the foot fracture that resulted in his undergoing multiple surgeries (including open reduction and internal fixation ("ORIF") and subsequent hardware removal), complications from the surgeries, and related complex regional pain syndrome ("CRPS") (Tr. 156). In the explanation that follows Finding No. 4, the ALJ made the following observations:

> Records support a right foot fracture in April 2015 with [ ] an ORIF surgery later that month with persistent complaints of pain and related symptoms through September that year with imaging showing delayed union and osteopenia (9F, p. 56). His exam also revealed decreased range of motion in the subtalar joint, exquisite tenderness to palpation, mild localized edema, and decreased muscle strength and tone. However, these notes indicate that he had progressed to weight-bearing in a boot without an assistive device. Moreover, by February 2016, his fracture appears healed based on x-rays (9F, p. 75). He then underwent another surgery in March 2016 (9F, p. 77). Subsequent x-rays do not appear to show any further complications; but he reported persistent pain, and CRPS was suspected (9F, p. 79-81). Antalgic gait, joint tenderness, pain with range of motion, and mild edema were noted on his exam along with hypersensitivity in the sural and tibial nerves with pain out of proportion. However, he appeared in normal shoe gear with a cane.

(Tr. 158).

Finding No. 5 indicates from April 8, 2015, through March 19, 2018, Plaintiff had the RFC to perform less than a full range of sedentary work due to certain postural and environmental limitations, his needing a cane for ambulation, and his being off task 20% of the workday (Tr. 158-59). In the discussion of the evidence that follows, the ALJ explained why Plaintiff's subjective complaints—about pain, CRPS, and other symptoms arising from the right foot fracture

and surgeries—were consistent with the medical evidence during the above-mentioned time frame (Tr. 159). In Finding No. 6, the ALJ explained that Plaintiff would not be entitled to disability benefits under Title II for the period April 8, 2015, through March 19, 2018, because he filed his application more than 14 months after the end of that period (Tr. 159-60).

Finding No. 7 sets forth the ALJ's determination that medical improvement occurred as of March 20, 2018 (Tr. 160) (citing 20 C.F.R. § 404.1594(b)(1)). The ALJ's explanation reads:

> As discussed in more depth below, treatment during this period has been much more conservative and mostly related to other impairments, and there are numerous references in the record since then to activities like fishing, childcare, motorcycle riding, and other things that support significant improvement more recently, inconsistent with the severity of symptoms alleged and the limitations allowed for above. Most significantly, he underwent his last surgery in August 2017, which was another hardware removal with bone graft resection and transposition of the sural neuroma (7F, p. 18). November 2017 follow-up notes show some nerve and plantar heel tenderness but intact sensation, equal reflexes, no edema, and normal strength (6F, p. 11). X-rays also look unremarkable. He was advised to stop using the crutches and wean off the fracture boot and to be more aggressive with physical therapy (6F, p. 12). He was prescribed orthotics to help with heel pain and a topical pain reliever. In March 2018, he was assessed at maximum medical improvement. He had an antalgic gait with a cane, allodynia related to the sural nerve, ankle range of motion somewhat diminished, and some apparent calf atrophy but no tenderness, muscle weakness, or further edema (6F, p. 31).

(Tr. 160).

Finding No. 8 sets forth the ALJ's determination that Plaintiff's medical improvement mentioned above is related to his ability to work as there has been an increase in Plaintiff's RFC (*Id.*) (citing 20 C.F.R. § 404.1594(b)(4)(i)). Specifically, the ALJ commented, "[i]n comparing [Plaintiff's] residual functional capacity for the potentially earlier period of disability above with

the residual functional capacity beginning March 20, 2018, the undersigned finds that [Plaintiff's] functional capacity for basic work activities has increased" (*Id.*).

Essentially, Finding No. 9 indicates as of March 20, 2018, Plaintiff has the RFC to perform a range of light work due to certain exertional, postural, and environmental limitations (Tr. 161). The paragraphs that follow, the ALJ discusses Plaintiff's subjective statements concerning pain and other limitations purportedly caused by the right foot, hip/back, neck, right arm, left knee, right leg, hernia surgery, and carpal tunnel syndrome (*Id.*). The ALJ explained that Plaintiff's subjective statements were not entirely consistent with the medical and other evidence in the record (Tr. 162). The ALJ provided the following explanation:

> Most significantly, the claimant underwent his last surgery in August 2017, which was another hardware removal with bone graft resection and transposition of the sural neuroma (7F, p. 18). November 2017 follow-up notes show some nerve and plantar heel tenderness but intact sensation, equal reflexes, no edema, and normal strength (6F, p. 11). X-rays also look unremarkable. He was advised to stop using the crutches and wean off the fracture boot and to be more aggressive with physical therapy (6F, p. 12). He was prescribed orthotics to help with heel pain and a topical pain reliever. In March 2018, he was assessed at maximum medical improvement. He had an antalgic gait with a cane, allodynia related to the sural nerve, ankle range of motion somewhat diminished, and some apparent calf atrophy but no tenderness, muscle weakness, or further edema (6F, p. 31). Accordingly, the undersigned accepts that exam findings and complaints of severe pain unexplained by the imaging evidence could support a diagnosis of complex regional pain syndrome consistent with our rules (SSR 03-02p). However, he has not had consistent treatment for that condition since then or further related work-up. A functional capacity evaluation in February 2018 also supports improvement following his last surgery and does not rule out light or greater lifting or sedentary exertion (5F). This is partially persuasive, although more recent evidence supports improvement since then. He walked for 6 minutes with an antalgic gait and cane, had moderate edema and limited range of motion in the right ankle and foot. He demonstrated 30 minutes of sitting and 90 minutes of standing but

leaned on walls or his cane and had a heart rate of 122. More recent primary care records corroborate slow gait and mild limp but otherwise appear unremarkable with no edema or other evidence to help corroborate the need for leg elevation or other limitations more consistent with the claimant's allegations (8F, p. 8, 13). Physical therapy records are focused on new left knee, neck, bilateral hand, and right shoulder complaints; but these are not established at any severe level based on the evidence and factors already discussed in finding #3 above (18F, p. 2). He has also been seen for back pain with exam evidence of S1 joint tenderness but full range of motion in the hip, normal strength, and limited range of motion due to muscle tightness but no evidence to support the need for limitations beyond a range of light exertion with the somewhat greater standing/walking limits above (11F, p. 15).

The claimant has also not had appropriate treatment during this period. He has alleged headaches but is not on strong pain medication or abortive or prophylactic therapy. He has reported medication for arthritis, sleep and anxiety, and high cholesterol and blood pressure (15E). At his hearing, he indicated that he takes Tylenol but explained that he does not want strong pain pills because of a history of addiction in his family. He has been on stronger medication previously, however.

Finally, he has reported exacerbation of upper and lower extremity symptoms due to daily activities for treatment but has reported significant work and other activities well beyond those he has acknowledged for disability. He has previously acknowledged getting out every day, driving at least on some days, paying bills, doing light housework, and preparing meals (3E). On the other hand, he reported balance problems with activities like dressing and bathing, the need to move or work slowly when doing chores, and varying activities depending on his level of pain that day. However, treatment records reference activities like odd jobs, caring for young children with little help from others, fishing, and motorcycle-riding as well, which also support that symptoms improved and suggest that symptoms are not as severe as alleged (16F, p. 68, 71, 79, 82, 149, 155, 171).

Therefore, the claimant's allegations as to lower extremity pain and related limitations are only partially consistent with the record during this period. The exam evidence overall including the lack of edema or swelling noted on most exams does not support the need to elevate his legs; and the largely normal strength, sensation, and

>other findings outlined above along with the minimal treatment history during this period, statements for treatment and daily activities, and the other factors outlined above do not otherwise support the need for off-task limitations or levels of pain or other symptoms inconsistent with the limited range of work allowed for above. The evidence of impaired gait noted initially reasonably supports the need for the limited light exertional, greater standing/walking, and other limits above but not greater limits more consistent with the claimant's allegations.

(Tr. 162-63).

The ALJ's medical improvement analysis includes a determination that due to the last surgery in August 2017, there has been a decrease in the medical severity of Plaintiff's fractured right foot and an improvement in the symptoms, signs, and laboratory findings. *See* 20 C.F.R. § 404.1594(b)(1). Further, the ALJ explained why the medical improvement is related to an increase in Plaintiff's functional capacity to do basic work activities. *See* 20 C.F.R. § 404.1594(b)(3). Additionally, in Finding No. 9, the ALJ made an RFC assessment to determine whether Plaintiff can engage in substantial gainful activity and, thus, whether he continued to be disabled. *See* 20 C.F.R. § 404.1594(b)(4)(i). In doing so, the ALJ compared the limitations in Finding No. 9 with the limitations in Finding No. 5 to determine that Plaintiff's functional capacity for basic work activities increased from March 20, 2018, through the application date, March 31, 2021 (Tr. 161-65). *See* 20 C.F.R. § 404.1594(c)(3)(ii). In sum, there is no merit to Plaintiff's challenge to Finding Nos. 7, 8, and 9, as the are supported by substantial evidence and comport with applicable law.

### D.    Finding Nos. 14 and 15

Plaintiff argues these findings are "not supported by substantial evidence for the reasons previously stated" (DN 10 PageID # 2703).   Inasmuch as Plaintiff's reasons set forth above are without merit, Finding Nos. 14 and 15 are supported by substantial evidence.

## IV.    CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up).   Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g).   Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   *Id.*   After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## V.    ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

May 1, 2025

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:       Counsel